IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| | : | Case No. 1:17-cr-97-1 |
| Plaintiff, | : | |
| | : | |
| v. | : | Judge Susan J. Dlott |
| | : | |
| Tramel Watson, | : | |
| | : | Order Denying Motion for |
| Defendant. | : | Compassionate Release |

This matter is before the Court on Defendant Tramel Watson's Motion for Compassionate Release (Doc. 35), to which the Government responded in opposition (Doc. 36).[1] For the reasons that follow, the Court will **DENY** Watson's Motion for Compassionate Release.

I. **BACKGROUND**

On August 16, 2017, Watson was charged in a two-count Indictment. (Doc. 1.) He was charged in Count 1 with distribution and attempt to distribute mixtures and substances containing a detectable amount of carfentanil in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. He was charged in Count 2 with operating a drug involved premises in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2. On January 23, 2018, Watson pled guilty to Count 1 of the Indictment. (Docs. 18, 19.) On August 6, 2018, Watson was sentenced to 84 months in prison. (Doc. 27.) Watson is incarcerated at Allenwood Low FCI and has an estimated release date of July 9, 2023. Federal BOP, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last viewed Nov. 23, 2021).

---

[1] The Court is also in receipt of a letter from Watson complaining about his attorney. Watson complains about the draft motion for compassionate release his attorney provided him and his attorney's delay in filing a motion on his behalf. He stated he would prefer another attorney file his motion for compassionate release. Thereafter, Watson's attorney contacted the Court and Government to convey that he was working on a motion and subsequently filed the Motion for Compassionate Release now before the Court. There is no issue for the Court to address as the necessary motion has been filed.

1

## II. STANDARD OF LAW

The Court lacks authority to resentence a defendant, except as permitted by statute. *United States v. Houston*, 529 F.3d 743, 748–49 (6th Cir. 2008). The compassionate release provisions in 18 U.S.C. § 3582(c)(1)(A) were "intended to be a 'safety valve' to reduce a sentence in the 'unusual case in which the defendant's circumstances are so changed, such as by terminal illness, that it would be inequitable to continue the confinement of the prisoner.'" *United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020) (quoting S. Rep. 98-225, at 121 (1983)). A defendant seeking sentence reduction bears the burden of proving entitlement to compassionate release. *Id.* at 426; *United States v. Hill*, No. 5:14CR337, 2020 WL 5104477, at *1 (N.D. Ohio Aug. 31, 2020). Section 3582(c) provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Exhaustion of administrative remedies is a mandatory claim-processing rule. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). This claim-processing rule "serves important purposes" including that "prison administrators can prioritize the most urgent claims"

and "investigate the gravity of the conditions supporting compassionate release and the likelihood that the conditions will persist." *Id.* at 835. Any compassionate release motion filed less than 30 days after the warden receives a compassionate release request must be denied without prejudice. *Id.* at 836.

Assuming that the inmate has exhausted administrative remedies, the district court must (1) determine whether "extraordinary and compelling reasons" warrant a reduction and (2) weigh the relevant sentencing factors listed in § 3553(a). *United States v. Jones*, 980 F.3d 1098, 1101, 1108 (6th Cir. 2020).[2] "Congress did not define what constitutes an 'extraordinary and compelling reason,' except to state that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'" *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. Aug. 30, 2021) (quoting 28 U.S.C. § 994(t)). Courts generally have discretion to define what constitutes "extraordinary and compelling" reasons. *Id.* at 562. Nonetheless, the Sixth Circuit has defined two restrictions on that discretion:

> First, non-retroactive changes in the law, whether alone or in combination with other personal factors, are not "extraordinary and compelling reasons" for a sentence reduction. Second, facts that existed when the defendant was sentenced cannot later be construed as "extraordinary and compelling" justifications for a sentence reduction.

*Id.*

The § 3553 factors referenced in the statute include (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence imposed to reflect the seriousness of the offense; (3) the need to protect the public from further crimes of the defendant; (4) the sentencing guideline range; and (5) the need to avoid unwarranted sentence

---

[2] The Sixth Circuit determined in *Jones* that the only U.S. Sentencing Commission Policy Statement potentially applicable to motions for compassionate release—U.S.S.G. § 1B1.13—is inapplicable to cases filed by federal inmates. 980 F.3d at 1109, 1111. Therefore, the district court has full discretion to define "extraordinary and compelling reasons" without reference to the policy statement in § 1B1.13. *Id.* at 1111; *United States v. Elias*, 984 F.3d 516, 519–20 (6th Cir. Jan. 6, 2021).

3

disparities among defendants with similar records guilty of similar conduct. 18 U.S.C. § 3553. These factors implicitly allow a district court to consider the amount of time served when determining if a reduction in sentence is appropriate. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020). Also, district courts can consider the non-retroactive changes in law relevant to sentencing as part of its weighing of the § 3553(a) sentencing factors. *United States v. Jarvis*, 999 F.3d 442, 445 (6th Cir. June 3, 2021), *petition for cert. filed*, No. 21-568 (U.S. Oct. 15, 2021). District courts are encouraged to be "explicit and particular with their factual reasoning" when they consider the § 3553(a) factors. *Jones*, 980 F.3d at 1113.

### III. ANALYSIS

It is unclear whether Watson exhausted his administrative prerequisites before filing his Motion for Compassionate Release.[3] Nonetheless, Watson's Motion fails on the merits. He seeks compassionate release on grounds that he has medical conditions that put him at risk for severe illness or death from COVID-19. His prison medical records support that he suffers from asthma and rheumatoid arthritis. (Doc. 35-1.) The Centers for Disease Control has identified chronic lung diseases, including moderate to severe asthma, as a condition that can make adults "more likely to get severely ill from COVID-19." CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last viewed Nov. 23, 2021). The Court need not address hypothetical risks in this case, however.

Watson tested positive for COVID-19 on December 17, 2020 during an outbreak in his housing unit. (Doc. 35-1 at PageID 157.) Although initially asymptomatic, Watson later developed symptoms while in isolation. (*Id.* at PageID 148–51, 220–26.) Nonetheless, his

---

[3] The Court could not locate, nor did Watson cite, any record evidence addressing whether he petitioned his Warden for early release and/or exhausted his administrative remedies.

4

symptoms subsided and he was cleared from isolation on December 28, 2020. (*Id.* at PageID 148.) During a clinical encounter with health services on April 26, 2021, Watson reported needing to use his albuterol twice daily for shortness of breath and with activity since having COVID-19 in December 2020. (*Id.* at PageID 184.) As of June 4, 2021, Watson continued to be treated for asthma and rheumatoid arthritis. (*Id.* at PageID 183.) However, on June 7, 2021, Watson reported that he had not used his albuterol since the last time he was seen by health services and denied shortness of breath, nighttime awakening, wheezing, symptoms with activity, and coughing. (*Id.* at PageID 185.) Thus, his symptoms appear to be well-managed at this time. Furthermore, Watson received the two-shot regime of the Moderna vaccination for COVID-19 on July 29, 2021 and August 25, 2021. (*Id.* at PageID 158.)

Watson argues that perceived long-haul COVID-19 symptoms and the ongoing risk of contracting COVID-19 while incarcerated place him at severe risk of serious illness. But Watson's "access to the COVID-19 vaccine substantially undermines his request for a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. Oct. 8, 2021). The Sixth Circuit has held that COVID-19 does not present an extraordinary and compelling reason for sentence reduction once a defendant has access to the vaccine. *Id.* The Sixth Circuit reasoned:

> [W]e agree with the Seventh Circuit that a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an "extraordinary and compelling reason" warranting a sentence reduction. *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) (Easterbrook, J.). After all, with access to the vaccine, an inmate largely faces the same risk from COVID-19 as those who are not incarcerated. To be sure, inmates in some respects face social distancing challenges distinct from those of the general public (although perhaps not entirely unlike students in dorm rooms, individuals in medical and assisted care facilities, and even residents of densely occupied apartment complexes). But to the extent prisons do offer some unique challenges, the vaccine now significantly reduces the risks associated with COVID-19. And at this intersection of law and science, we find wisdom in Judge Easterbrook's assessment that "for people living in close quarters, vaccines offer relief far more effective than a judicial order." *Id.*

5

*Lemons*, 15 F.4th at 751; *see also United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. Nov. 1, 2021) (following *Lemons* and denying compassionate release to an inmate who was fully vaccinated). In this case, where Watson has recovered from COVID-19 and is fully vaccinated against COVID-19, COVID-19 does not present an extraordinary and compelling reason to grant his compassionate release from prison. His Motion must therefore be denied.

### IV. CONCLUSION

For the foregoing reasons, Watson's Motion for Compassionate Release (Doc. 35) is **DENIED**.

**IT IS SO ORDERED**.

BY THE COURT:

Susan J. Dlott
United States District Judge